**McGuireWoods LLP**
FRANKLIN D. KANG (SBN 192314)
E-mail: fkang@mcguirewoods.com
CHRISTINE I. NAM (SBN 304182)
E-mail: cnam@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210
**Attorneys for ShinHeung Precision Co., Ltd.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINHEUNG PRECISION CO., LTD., a Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BIXOLON CO., LTD., a Korean corporation, and BIXOLON AMERICA, INC., a California corporation,<br><br>Defendants. | CASE NO. 2:16-cv-00109<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[Jury Trial Demanded]** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ShinHeung Precision Co., Ltd. ("SHC") makes the following allegations against Defendants Bixolon Co., Ltd. ("Bixolon") and Bixolon America, Inc. ("Bixolon America") (collectively "Defendants") for infringement of U.S. Patent No. 6,629,666 ("Patent-in-Suit").

## THE NATURE OF THE ACTION

1. This is a patent infringement suit arising out of Defendants' flagrant copying and willful infringement of SHC's Patent-in-Suit covering a fundamental technology used in printers, such as the accused Point-of-Service (POS) printers manufactured and sold by Defendants, including, but not limited to, Bixolon's SRP-380, SRP-382, SRP-370, SRP-372, SRP-350plusIII, SRP-352plusIII, SRP-350plusII, SRP-352plusII, SRP-350plus, SRP-352plus, SRP-350III, SRP-352III, SRP-350IIOBE, SRP-350II, SRP-350, SRP-F310II, SRP-F312II, SRP-F310, and SRP-F312 printer products.

2. In a relentless effort to expand its market share and profit from the use of infringing products, and rather than pursuing its own independent product development, Defendants have systematically and blatantly copied the pioneering and innovative invention and technology of the Patent-in-Suit owned by SHC, the successor-in-interest to Samsung Electronics.

3. Through such systematic and blatant copying, Defendants have deluged the United States market with infringing devices and usurped significant market share from SHC.

4. As a result of Bixolon's use of SHC's technology, Bixolon has achieved tremendous commercial success, with Bixolon's infringing devices now routinely found in restaurants such as McDonald's and other retail establishments in the United States and throughout the world.

5. Because SHC and Bixolon are competitors in the market for printers, including POS printers, Defendants' infringement of the Patent-in-Suit provides a

basis for SHC's recovery of its lost profits and/or price erosion, in addition to or in lieu of a reasonable royalty measure of damages, and entitles SHC to an injunction against Defendants' continued infringement and unauthorized use of SHC's pioneering technology.

**PARTIES**

6. Plaintiff SHC is a leading high tech company specializing in printers, including POS printers (for printing receipts and the like), as well as electronic cash registers (ECRs), molding, press, and parts and components for LCD/LED and automotive applications.

7. Established nearly 50 years ago, SHC acquired the POS/ECR business from Samsung Electronics, including, among other assets, the Patent-in-Suit.

8. Since its founding in 1968, SHC has grown into a leading electronic parts and components provider in Korea and throughout the world. SHC focuses its efforts on manufacturing self-developed ultra-precision parts and components for complex electronic equipment (such as printers) and by partnering with some of the best and most respected corporations including Samsung Electronics, Hyundai Motors, LG Electronics, Sony, JVC, Fujitsu, and Toshiba.

9. SHC is a Korean corporation having a principal place of business at The 3rd Gongdan, 3Gil 53, Seoun-myeon, Anseong-si, Gyeonggi-do, South Korea, and currently employs approximately 13,000 employees, with sales in excess of $1.0 billion USD annually.

10. Defendant Bixolon is a competitor of SHC in the market for printers, including POS printers, and is a Korean corporation with its principal place of business at 7~8F, (Sampyeong-dong), 20, Pangyoyeok-ro 241beon-gil, Bundang-gu, Seongnam-si, Gyeonggi-do 13494, South Korea.

11. On information and belief, Defendant Bixolon America is a subsidiary or affiliate of Bixolon and is a California corporation with a principal place of

business at 3171 Fujita St., Torrance, California 90505.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

13. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of California (*i.e.*, Bixolon America Inc., a California corporation having a principal place of business in Torrance, California) and a South Korean corporation (*i.e.*, SHC).

14. This Court has personal jurisdiction over Defendants, because Defendants have, directly or through intermediaries, availed themselves of the rights and benefits of California and this forum by engaging in substantial business activities herein. This includes, but is not limited to, Defendants placing infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of California, including in this District. Upon information and belief, Defendants have derived substantial revenues from their infringing acts occurring within the State of California and within this District.

15. In addition, Defendants have, and continue to, knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling infringing products to consumers, customers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials that facilitate, direct, or encourage infringement with knowledge thereof.

16. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred within this district. Venue is also proper in this district under 28 U.S.C. § 1391(c)(3),

COMPLAINT FOR PATENT INFRINGEMENT

because Bixolon is not resident in the United States and may be sued in any judicial district.  Venue is also proper in this district under 28 U.S.C. § 1400(b), because Bixolon America resides and has a regular and established place of business in this district and Defendants have committed acts of infringement within this district.

## PATENT-IN-SUIT AND FACTUAL BACKGROUND

17. On October 7, 2003, the United States Patent and Trademark Office duly and legally issued the Patent-in-Suit, namely United States Patent No. 6,626,666, entitled "Apparatus of a Printer for Detecting Termination of Printing Medium," to inventors Hong-gil Lee and Jung-yong Lee of Samsung Electronics. SHC is the assignee of, and the successor-in-interest to, Samsung Electronics, and is the duly and rightful owner of the Patent-in-Suit, a true copy of which is attached hereto as Exhibit 1.

18. The Patent-in-Suit, at a high level, covers a printing apparatus with the ability to detect the termination of a printing medium.  The unique structure for implementing and enabling this important feature is fundamental to the design of POS printers and is now very commonly found in POS printers used in retail establishments throughout the United States and the world.

19. Prior to the Patent-in-Suit, POS printer systems suffered from numerous deficiencies limiting the instances in which the printer could be used. This included, for instance, the inability of prior systems to be able to easily adjust to the use of printing mediums of different sizes, and the deterioration of the ability to detect the termination of the printing medium when the printing mechanisms were adjusted.  The unique apparatus claimed in the Patent-in-Suit was aimed at solving these problems, as well as others, and among other things enabled "a user to easily adjust an initial set position" of the detecting mechanisms "to correspond to respective sizes of webs of the printing medium used in the printer."

20. Upon information and belief, Defendants have been well-aware of SHC

and the Patent-in-Suit for many years, as the Patent-in-Suit has been the subject of discussions between SHC and Bixolon years before the filing of this Complaint.

21. Specifically, Defendants have had knowledge of the Patent-in-Suit at least as of 2011, when Defendants were given notice of their infringement of the Patent-in-Suit during an in-person meeting between SHC and Bixolon in 2011.

**DEFENDANTS' INFRINGING ACTIVITIES**

22. Upon information and belief, Defendants are, and have been, engaged in the business of manufacturing, and/or having manufactured, selling, and/or offering to sell in the United States, and/or importing into the United States, printers infringing one or more claims of the Patent-in-Suit, including, but not limited to, Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, and 18 of the Patent-in-Suit.

23. The accused printers include, but are not limited to, Bixolon's SRP-380, SRP-382, SRP-370, SRP-372, SRP-350plusIII, SRP-352plusIII, SRP-350plusII, SRP-352plusII, SRP-350plus, SRP-352plus, SRP-350III, SRP-352III, SRP-350IIOBE, SRP-350II, SRP-350, SRP-F310II, SRP-F312II, SRP-F310, and SRP-F312 printer products ("Accused Devices").

24. By way of example, the Bixolon SRP-350plusIII, on information and belief, has been sold within this judicial district, through distribution channels, including, but not limited to, http://www.bixolon.com, http://www.bixolonusa.com, and the website and retail locations of third parties such as http://www.amazon.com.

25. Upon information and belief, Defendants purposefully direct sales and offers for sale of the Accused Devices, including those specifically identified above, toward the State of California, including this District.

26. Upon information and belief, Defendants maintain established distribution channels within the United States that permit Defendants to ship the Accused Devices, including those specifically identified above, to and from the State of California, including this District.

# FIRST CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. 6,626,666

27. SHC repeats and incorporates by reference each and every allegation of paragraphs 1-26 of this Complaint, as though fully set forth herein.

28. SHC is the sole owner of the entire right, title, and interest in and to the Patent-in-Suit, including the right to sue and recover for any and all infringements thereof.

29. Defendants are directly infringing, either literally or through the doctrine of equivalents, the Patent-in-Suit by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, which practice one or more claims of the Patent-in-Suit, including, but not limited to, Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, and 18 of the Patent-in-Suit, in violation of 35 U.S.C. § 271.

30. For example, Claim 1 is directed towards an apparatus of a printer for detecting the termination or near-termination of a printing medium. Claim 1 includes several components that must be present in an infringing product, including a frame, a printing medium detecting means, and a position adjusting means. Upon information and belief, the Accused Devices embody the claimed invention, without limitation, by providing an apparatus containing each of the components/elements identified in Claim 1 of the Patent-in-Suit, either literally or under the doctrine of equivalents.

31. Upon information and belief, the Accused Devices contain at least a frame, printing medium detecting means, rotary knob, cam pin, cam groove, and a position adjusting means satisfying at least the elements of Claim 1 of the Patent-in-Suit.

/ / /

/ / /



32. On information and belief, the Accused Devices comprise a frame, the frame housing supporting a roll of the printing medium.

33. On information and belief, the Accused Devices comprise a printing medium detecting means (*e.g.*, an optical sensor) for non-contact detection of the termination or near-termination of the printing medium.

34. On information and belief, the Accused Devices comprise a position adjusting means, including a cam pin provided in a housing and a rotary knob having a cam groove, for adjusting an initial set position of the printing medium detecting means.

35. Defendants are also indirectly infringing the Patent-in-Suit at least by virtue of their inducement of direct infringement of the Patent-in-Suit by customers, end users, and others who use Defendants' Accused Devices.

36. Defendants have induced, and continue to induce, others to infringe the Patent-in-Suit in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate others' direct infringement of the Patent-in-Suit with knowledge or willful blindness of that infringement. Upon information and belief, these

affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced Accused Devices to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the Patent-in-Suit by others with knowledge thereof.

37. Defendants have contributorily infringed the Patent-in-Suit in violation of 35 U.S.C. § 271(c), without limitation, by offering to sell, selling, or importing the Accused Devices with knowledge that they are or constitute a material part of the inventions claimed in the Patent-in-Suit and/or are especially made or adapted for use by others, including consumers or end users, to infringe the Patent-in-Suit, and are not staple articles or commodities suitable for substantial, non-infringing uses.

38. By reasons of Defendants' infringing activities, SHC has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

39. Defendants have had actual notice of the Patent-in-Suit, and upon information and belief, have known or should have known that their activities described above infringe the Patent-in-Suit directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

40. Moreover, because SHC and Bixolon are competitors in the market for printers, including POS printers, Defendants' infringement of the Patent-in-Suit provides a basis for SHC's recovery of its lost profits and/or price erosion, in addition to or in lieu of a reasonable royalty measure of damages.

41. Further, because SHC and Bixolon are competitors in the market for printers, including POS printers, and Defendants' infringement has caused and will

continue to cause irreparable harm to SHC, SHC is entitled to an injunction against Defendants' continued infringement and unauthorized use of SHC's pioneering technology.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SHC respectfully requests that the Court enter judgment as follows:

- A. That Defendants have directly infringed, indirectly infringed, and induced others to infringe the Patent-in-Suit;
- B. That Defendants be ordered to pay damages adequate to compensate Plaintiff for Defendants' infringement of the Patent-in-Suit, including, but not limited to, lost profits and/or price erosion, in addition to or in lieu of a reasonable royalty measure of damages, together with prejudgment interest and post-judgment interest thereon;
- C. That Defendants' infringement is deliberate and willful and that Defendants be ordered to pay treble damages under 35 U.S.C. § 284;
- D. A permanent injunction enjoining Defendants and its corresponding officers, agents, servants, employees, attorneys affiliates, divisions, subsidiaries, and all persons in active concert or participation with any of them, from infringing the Patent-in-Suit, and/or contributing to or inducing anyone to do the same, including manufacture, use, offer to sell, sale, and/or importation of Accused Products before expiration of the Patent-in-Suit;
- E. That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiff SHC be awarded its reasonable attorneys' fees, costs, and expenses; and
- F. That Plaintiff be granted such other and additional relief as the Court deems just and proper.

/ / /

/ / /

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: January 6, 2016         MCGUIREWOODS LLP


By: */s/ Franklin D. Kang*
    Franklin D. Kang

**Attorney for ShinHeung Precision Co., Ltd.**