D. James Pak (SBN 194331)
d.james.pak@bakermckenzie.com
Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
Telephone:   +1 415 592 3209
Facsimile:    +1 415 576 3099

Daniel A. Tallitsch
(admitted *pro hac vice*)
daniel.tallitsch@bakermckenzie.com
Baker & McKenzie LLP
300 E. Randolph Street
Chicago, Illinois 60601
Telephone:   +1 312 861 8000
Facsimile:   +1 312 861 2899

Attorneys for Defendants BIXOLON CO.,
LTD. and BIXOLON AMERICA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINHEUNG PRECISION CO., LTD., | CASE NO. 2:16-cv-00109-CAS (SSx) |
| Plaintiff, | The Hon. Christina A. Snyder<br>Dept. 5 |
| vs. | **[DEFENDANTS' PROPOSED]**<br>**PROTECTIVE ORDER** |
| BIXOLON CO., LTD., a Korean corporation, and BIXOLON AMERICA, INC., a California corporation, | |
| Defendants. | [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

0

**[Defendants' Proposed] Protective Order**

A.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court hereby enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section D.3, below, this Protective Order does not entitle the parties to file Protected Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.      GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, product design and development documents, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the

1 prompt resolution of disputes over confidentiality of discovery materials, to

2 adequately protect information the parties are entitled to keep confidential, to ensure

3 that the parties are permitted reasonable necessary uses of such material in

4 preparation for and in the conduct of trial, to address their handling at the end of the

5 litigation, and serve the ends of justice, a protective order for such information is

6 justified in this matter. Information shall not be designated as confidential for

7 tactical reasons and without a good faith belief that it has been maintained in a

8 confidential, non-public manner, and there is good cause why it should not be part

9 of the public record of this case.

10 C.    PROTECTIVE ORDER

11          1.    This Order shall apply to all information produced during discovery in

12 this action that shall be designated by the party or person producing it as

13 "Confidential" or "Confidential - Attorneys' Eyes Only" (collectively "Protected

14 Information").  This Order shall not apply to information that, before disclosure,

15 is properly in the possession or knowledge of the party to whom such disclosure

16 is made, or is public knowledge.  The restrictions contained in this Order shall not

17 apply to information that is, or after disclosure becomes, public knowledge other

18 than by an act or omission of the party to whom such disclosure is made, or that is

19 legitimately acquired from a source not subject to this Order.

20          2.    If an exhibit, pleading, interrogatory answer, or admission (collectively

21 "discovery response"), document or thing (collectively "document or thing"), or a

22 deposition transcript, other transcript of testimony, or declaration or affidavit

23 (collectively "testimony") contains information considered confidential by a party,

24 such exhibit, pleading, discovery response, document or thing, or testimony shall be

25 designated "Confidential" or "Confidential - Attorneys' Eyes Only" by the party

26 contending there is Protected Information therein.

27

28

3.     If an exhibit, pleading, discovery response, document or thing, testimony or other court submission is designated "Confidential" or "Confidential - Attorneys' Eyes Only," the legend "Confidential" or "Confidential - Attorneys' Eyes Only" (in such a manner as will not interfere with the legibility thereof), or a substantially similar variation thereof, shall be affixed before the production or service upon a party.

4.     As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the Receiving Party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential - Attorneys' Eyes Only" only when it contains the following highly sensitive information: financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; competitive strategies; or any other information that would put the Producing Party at a competitive disadvantage if the information became known to employees of the Receiving Party or third parties.

5.     All Protected Information (i.e., "Confidential" or "Confidential - Attorneys' Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Protected Information produced by the other party. For information designated "Confidential - Attorneys' Eyes Only," such rendering of

advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6.      All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the Receiving Party) shall be deemed "Confidential - Attorneys' Eyes Only."  If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential - Attorneys' Eyes Only" only if labeled or marked in conformity with Paragraph 2, with access and dissemination limited as set forth in Paragraphs 11-12.

7.      Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time of the testimony or deposition, or within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Order.  Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by notifying the other party, in writing, within thirty (30) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated.  Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential - Attorneys' Eyes Only" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 12 to review documents or materials designated "Confidential - Attorneys' Eyes Only" on behalf of that non-designating party.

8.      All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that have been designated "Confidential" or "Confidential - Attorneys' Eyes Only" by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or

otherwise disclose such information designated as Protected Information, shall be marked with the legend "Confidential" or "Confidential - Attorneys' Eyes Only," or with a substantially similar variation thereof, and shall be filed according to the procedures outlined in L.R. 79-5.1.

9.     As used in this Protective Order, "Outside Counsel" refers exclusively to: the attorneys, paralegals, secretaries, and other support staff employed in the following law firms: McGuireWoods LLP, Baker & McKenzie LLP, and Stephens Friedland LLP, or such additional person as may be ordered by the Court, or subsequently may be agreed upon by the parties.

10.     As used in this Protective Order, "independent experts or consultants" refers exclusively to a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a testifying or non-testifying expert for purposes of this litigation, either full or part-time, by or at the direction of a party or counsel of a party.

11.     Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Outside Counsel, and to the persons designated below:

(a) a party, or an officer, director, or designated employee of a party deemed necessary by Outside Counsel to aid in the prosecution, defense, or settlement of this action;

(b) independent experts or consultants (together with their clerical staff) retained by such Outside Counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) agents of Outside Counsel, including professional jury or trial consultants retained in connection with the litigation and mock jurors retained by such a consultant to assist them in their work, and other professional vendors needed to

perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining or information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

(e) witnesses in any deposition or other proceeding of this action;

(f) any other persons as to whom the parties in writing agree.

12.   Material designated as "Confidential - Attorneys' Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Outside Counsel, and to the persons designated below:

(a) independent experts or consultants (together with their clerical staff) retained by such Outside Counsel to assist in the prosecution, defense, or settlement of this action;

(b) authors and recipients of any material bearing a "Confidential - Attorneys' Eyes Only" designation;

(c) court reporter(s) employed in this action;

(d) agents of Outside Counsel, including professional jury or trial consultants retained in connection with the litigation and mock jurors retained by such a consultant to assist them in their work, and other professional vendors needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by Outside Counsel, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party,

or attorneys' work product, all of which may contain material designated Confidential - Attorney Eyes Only;

(e) witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential - Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past; and

(f) any other persons as to whom the parties in writing agree.

13. The right of any independent expert or consultant to receive any Protected Information will be subject to the advance approval of such expert or consultant by the designating party or by permission of the Court.

(a) The party seeking approval of an independent expert or consultant must provide the designating party with a written notification, which includes the name and curriculum vitae of the proposed independent expert or consultant that includes a description of the expert or consultant's employment and consulting history during the past four years, and an executed copy of the form attached hereto as Exhibit 1, at least ten (10) calendar days in advance of providing any Protected Information of the designating party to the expert or consultant.

(b) If the designating party does not convey an objection to the proposed disclosure within ten (10) calendar days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

(c) If within ten (10) calendar days of receipt of the written notification, the designating party gives notification of its objection to the disclosure of Protected Information to the expert or consultant identified by written notice, there shall be no disclosure to the expert/consultant at issue until such objection is resolved. The objection shall state the reasons why the designating party believes the identified individuals should not receive Confidential Material.

(d)     If after meeting and conferring, the Parties do not otherwise resolve the dispute, the party seeking approval of an expert or consultant must seek relief from the Court, by way of filing a motion within fourteen (14) days of the meet and confer.  The filing and pendency of any such motion shall not limit, delay, or defer any disclosure of the Protected Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery.

14.     All Protected Information used at a hearing or at trial shall become public absent a separate order from the Court upon written motion and sufficient cause shown.  If any party desires at a hearing or at trial to offer into evidence Protected Information, or to use Protected Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Protected Information.  The party seeking to use the Protected Information must provide the party that produced such Protected Information sufficient time to request an order from the Court to limit the offer of such Protected Information.  The party seeking to use the Protected Information stipulates that good cause exists and agrees to assist in any application or motion to preserve the confidentiality of such Protected Information.

15.     Any Protected Information may be used in the course of any deposition taken of the party producing such Protected Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Protected Information, subject to the condition that when such Protected Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Protected Information or any portion of the deposition relevant thereto is being taken pursuant to this Order.  Further, whenever any Protected Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from

8

the room any person not entitled to receive such Protected Information pursuant to the terms of this Order.

16.    All challenges to confidentiality designations shall proceed under Local Rules 37.1 through 37.4.

17.    Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Protected Information without marking it with the legend "Confidential" or "Confidential - Attorneys' Eyes Only," or a substantially similar variation thereof, or marks it with an incorrect level of confidentiality, the Producing Party may give written notice to the Receiving Party that the exhibit, pleading, discovery response, document or thing, or testimony contains Protected Information and should be treated as such in accordance with the provisions of this Protective Order.  The Producing Party shall, upon learning of the disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains Protected Information subject to this Protective Order; (ii) promptly use best efforts to retrieve the disclosed information from the person(s) to whom disclosure was inadvertently made and have such person(s) execute Exhibit 1 to this Protective Order; and (iii) promptly make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made. The inadvertent or unintentional disclosure by a party of Protected Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked  documents are supplied as provided herein. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality

1  and such disclosure or distribution shall not be deemed to be a violation of this
2  Protective Order.

3      18.    Neither the taking or the failure to take any action to enforce the
4  provisions of this Order, nor the failure to object to any designation or any such
5  action or omission, shall constitute a waiver of any signatory's right to seek and
6  obtain protection or relief, with respect to any claim or defense in this action or any
7  other action including, but not limited to, the claim or defense that any information
8  is or is not proprietary to any party, is or is not entitled to particular protection or
9  that such information embodies trade secret or other Protected Information of any
10 party. The procedures set forth herein shall not affect the rights of the parties to
11 object to discovery on grounds other than those related to trade secrets or other
12 Protected Information claims, nor shall it relieve a party of the necessity of proper
13 responses to discovery requests.

14     19.    This Order shall not abrogate or diminish any contractual, statutory, or
15 other legal obligation or right of any party to this Order, as to any third party, with
16 respect to any Protected Information.  The fact that Information is designated
17 "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order shall not
18 be deemed to be determinative of what a trier of fact may determine to be
19 confidential or proprietary.  This Order shall be without prejudice to the right of any
20 party to bring before the Court the question of:

21     (a)    whether any particular information is or is not Protected Information;

22     (b)    whether any particular information is or is not entitled to a greater or
23 lesser degree of protection than provided hereunder; or

24     (c)    whether any particular information is or is not relevant to any issue in
25 this case; provided that in doing so the party complies with the foregoing
26 procedures.

27

28

20.     The terms of the Protective Order are applicable to Protected Information produced by a non-party, such non-party may designate Protected Information produced by it in connection with this litigation, and that Protected Information is protected by the remedies and relief provided by the Protective Order.

21.     Within thirty (30) days following the conclusion of litigation between the parties, all information designated as Protected Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the Producing Party, or disposed of by the Receiving Party. If disposed of, the Receiving Party shall, upon request, provide the Producing Party with a certificate of disposal.

22.     The inadvertent production of documents or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver of any applicable privilege if after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work product immunity, and/or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return any and all copies of such inadvertently produced document(s), including retrieving and returning any and all copies distributed to others (e.g., experts, consultants, vendors).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the asserted privilege or immunity designation by submitting a written challenge to the Court; however, the fact of the inadvertent production of the document(s) may not be used as a basis for such challenge.  A Receiving Party may not retain any copies of any inadvertently produced document

for any purpose, including the purpose of challenging the propriety of the claim privilege or immunity designation.

23.     In addition to any other obligation to preserve documents, the Producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation and must add the document to a privilege log.

24.     The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court.  This Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

25.     Absent written consent of the owner of Confidential - Attorneys' Eyes Only information, any Outside Counsel who reviews material so designated, in whole or in part, shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of the above captioned action (including any appeals) engage in any Prosecution Activity (as defined below) substantially related to the subject matter of U.S. Patent No. 6,629,666.  This prohibition shall not be imputed to partners, associates, or other colleagues of such individual who did not review the Producing Party's Confidential - Attorneys' Eyes Only information.

26.     Prosecution Activity shall mean any activity related to the competitive business decisions involving the preparation or prosecution (for any person or entity) of patent applications substantially related to the subject matter of the patent-in-suit, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling or drafting of claims for any patent application, reexamination, inter-partes review, reissue patent application, or any other post-grant proceeding at any patent office. Prosecution Activity does not include (1) activities by the parties' counsel or the

clients and affiliates in challenging the validity of a patent in reexaminations, inter-partes reviews, or other challenges to patents, or (2) activities by any person subject to this provision for purposes of performing administrative tasks for a pending patent application on which the person is an inventor and which were filed before January 1, 2016.  Administrative tasks in this context do not include directly or indirectly (e.g., by advising) drafting or revising patent applications, responses to office actions, amendments, examiner interviews or any invention disclosures used in a patent application that are substantially related to the subject matter of the asserted patents.  Administrative tasks are only meant to include submitting prior art to the patent office, or signing of assignments, declarations, powers of attorney, terminal disclaimers and other documents not affecting the scope of the disclosure or the claims.  Nothing in this Paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency or foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in these actions from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this action with his/her client.

D.      MISCELLANEOUS

1.      Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.      Right to Assert Other Objections.  By the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3.     Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated: 2/8/17————, 2016                    _____/S/_____

Hon. Suzanne H. Segal
UNITED STATES MAGISTRATE
JUDGE

1   **EXHIBIT 1: CONFIDENTIALITY UNDERTAKING**

2

3   IN THE UNITED STATES DISTRICT COURT

4   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5

| | |
|---|---|
| 6  **SHINHEUNG PRECISION CO. LTD.,** | Case No.  2:16-cv-00109-CAS (SSx) |
| 7  **Plaintiff,** | **CONFIDENTIALITY UNDERTAKING** |
| 8  **v.** | |
| 9  **BIXOLON CO., LTD. and BIXOLON AMERICA, INC.,** | Hon. Christina A. Snyder |
| 10 | District Judge |
| 11  **Defendants.** | |
| 12 | [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |
| 13 | |

14

15   **CONFIDENTIALITY UNDERTAKING**

16   I, _____, [print or type full name], of

17   _____ [print or type full address, and identify company,

18   partnership or organization and its address if applicable], declare under penalty of

19

20   perjury that I have read in its entirety and understand the Protective Order that was

21   issued by the United States District Court for the Central District of California on in

22

23   the above-captioned action.  I, and my above-identified company, partnership or

24   organization, agree to comply with and be bound by all the terms of this Protective

25   Order and I, and my above-identified company, partnership or  organization,

26

27   understand and acknowledge that failure to so comply could expose me and my

28

above-identified company, partnership or organization to sanctions and punishment in the nature of contempt.  I solemnly promise, on my own behalf and on behalf of all staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, that there will be no disclosure in any manner of any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I, and my above-identified company, partnership or organization, further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after  termination of this action.

I am a duly authorized representative of _____ [identify company, partnership or organization if applicable] and have full authority to enter into this Undertaking on behalf of the above-identified company, partnership or organization as of the date set forth below.

I, and my above-identified company, partnership or organization, hereby appoint, _____ [print or type full name], of _____ [print or type full address and telephone number], as a California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

17